**ELLEN LARSEN, Plaintiff**

**v.**

**COSTA LINE and COSTA ARMATORI, Defendants**

Civil No. 252/1981

Territorial Court of the Virgin Islands
Div. of St. Thomas and St. John

October 22, 1981

ANDREW CAPDEVILLE, ESQ., St. Thomas, V.I., *for plaintiff*

JOHN G. SHORT, ESQ., St. Thomas, V.I., *for defendants.*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION AND ORDER

On defendants' motion for summary judgment, the court is confronted with an issue in which court rulings have been far from harmonious—that of enforcement of a cruise ship ticket's provision limiting passenger suits to those suits filed within six months of the date of the termination of the voyage. Specifically, this motion centers on whether there is a question of fact as to the notice given to the passenger of the ticket's provisions.

### Facts

In February of 1979, plaintiff Ellen Larsen purchased a ticket to take a March cruise on defendants' ship, the Angelina Lauro. The day before the ship docked in St. Thomas, plaintiff notified the ship's purser of her intent to permanently disembark in St. Thomas on the morning of March 30. That morning, the purser informed plaintiff that he was unable to locate her birth certificate, but that she could leave the ship and return in the afternoon to obtain her personal belongings. Plaintiff returned to the ship at 4:00 p.m. to find it on fire. As a result, plaintiff lost all of her personal effects that were on the ship, a loss she now estimates to be approximately $5,500.00.

Upon returning to the United States, plaintiff attempted, albeit in vain, to negotiate a settlement of her claim. It was not until April of 1981, however, that plaintiff filed suit. Defendants, asking that the suit be dismissed, now point to Article 30 of plaintiff's passenger ticket, which states that a claim against defendants must be commenced within six months of the termination of the voyage.

### Notice

Plaintiff alleges that the provisions of the ticket are not binding

308

because she did not receive adequate notice of their applicability. Plaintiff claims that when she purchased the ticket she did not read it but only noted the price of the voyage. In addition, she states nothing in the ticket brought her attention to its terms and conditions.

A leading case for determining the enforceability of such a provision is Silvestri v. Italia Societa per Azioni Di Navigazioni, 388 F.2d 11 (2d Cir. 1968). In Silvestri the court focused on whether "... the steamship line had done all it reasonably could to warn the passenger that the terms and conditions were important matters of contract affecting his legal rights." Id. at 17. After making a detailed analysis of the ticket and the affidavit provided by the passenger-plaintiff, the court concluded that an issue of fact existed and that the trial court erred in granting summary judgment on behalf of the steamship line. Several courts have since followed the rationale of Silvestri, e.g., McQuillan v. Italia Societa Per Azione Di Navigazione, 386 F.Supp. 462 (S.D.N.Y. 1974), aff'd, 516 F.2d 896 (2d Cir. 1975); and DeNicola v. Cunard Line, Ltd., 642 F.2d 5 (1st Cir. 1981).

The passenger ticket involved in Silvestri and the one involved in the present case are very similar, indeed, they appear to be almost identical.[1] First, both tickets are entitled "Biglietto di Passagio." Second, both tickets possess thirty-five paragraphs (labelled Articles) typed in very small print. The heading "Terms and Conditions" in bold face precedes the paragraphs. Third, certain articles of both tickets are verbatim: Article 30, Limitation of Action Against the Company; and Article 32, Responsibility of Agents. Fourth, both tickets make reference throughout to the defendants as "the Company."

The facts in both cases appear to be analogous. In Silvestri, the plaintiff purchased his ticket before embarking upon the cruise and had briefly looked at the ticket. In the present case, plaintiff purchased the ticket in February of 1979 and claims to have only noted the price on the ticket. In neither case could the court definitively conclude that the ticket directed the purchaser's attention to the terms and conditions of the passage.

As grounds for summary judgment, the defendants rely on two recent decisions involving other passengers holding the same ticket on this cruise ship's misadventure: Morak v. Costa Armatori et al.,

---

[1] This comparison is made by reference to applicable portions of the ticket quoted in Silvestri.

No. 80-0652 (E.D.N.Y., filed April 29, 1981), and The Aetna Casualty and Surety Company v. Costa Armatori S.P.A., No. 9280/80, (Civ. Ct., City of N.Y., August 15, 1980). In both cases, the courts held that the plaintiffs were charged with notice of the limitation provision. This court, however, is of the opinion that these two cases are distinguishable and, thus, are not controlling.

In Morak, supra, the district court, after examining the passenger ticket and the plaintiffs' deposition, was satisfied that the plaintiffs had notice of the limitation provisions. In the present case, the ticket and plaintiff's affidavit raise a question of fact as to notice.

In Aetna Casualty, supra, the plaintiffs did not submit an affidavit to the court attesting to the fact that they did not have notice of the limitation provision. The plaintiffs simply submitted affirmations from plaintiffs' attorney contending that defendants' position should not be upheld. The civil court examined the ticket and concluded that "the ticket itself is clear and raises no factual issues on its face." Accordingly, the court granted defendants' motion for summary judgment. Here, though, the plaintiff by her affidavit denies having notice of the limitation provision, and places in issue the adequacy of notice of this provision.

This court also finds Aetna Casualty unpersuasive because of its reliance on McQuillan v. Italia Society, supra, without citing the Second Circuit's earlier Silvestri opinion. The court in Aetna said it relied on McQuillan because "the ticket in that case was similar in form to the ticket in the case before the court." In point of fact, though, the ticket in McQuillan and the ticket here are quite dissimilar.

### Estoppel

The plaintiff also argues that, even if there is no issue as to notice, defendants should be estopped from enforcing the limitation provision because they misled plaintiff into believing that a favorable settlement of her claim was imminent. Specifically, plaintiff points to a series of letters between her and defendants, which preceded this lawsuit.

Four letters written to plaintiff by defendants' agents and dated April 6, 1979, June 14, 1979, July 5, 1979, and January 7, 1980 are of particular significance. The April and June letters provide plaintiff with information on how to pursue her claim. The July letter directed plaintiff's attention to Articles 20 and and 21 of the ticket. These articles provide for defendants' liability regarding lost bag-

gage, documents and valuables. It was not until the January 7, 1980 letter—ten months after the termination of the voyage—that the defendants directed the plaintiff's attention to Article 30 and the limitation of action provision. Defendants' letters thus raise issues of fact as to whether they made promises or offers of settlement. Was the plaintiff induced by the correspondence not to sue? Did she rely on such an inducement to her detriment? Did the defendants, in fact, lead plaintiff to believe her claim would be settled and that she need not sue?

Accordingly, there being material issues of fact, it is

ORDERED that defendants' motion for summary judgment is denied.